IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 19-00099-11 DKW |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION TO DETAIN DEFENDANT |
| vs. | ) | JARRIN K. YOUNG |
| | ) | |
| JARRIN K. YOUNG,   (11) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION
TO DETAIN DEFENDANT JARRIN K. YOUNG**

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ..................................................................................i-ii

I.  PROCEDURAL AND FACTUAL BACKGROUND ...................................2

II. APPLICABLE LAW ......................................................................................2

III. DISCUSSION..................................................................................................4

    A.  YOUNG is a Danger to the Community .................................................5

        1.  The Nature and Circumstances of YOUNG's Offenses .............5

        2.  The Weight of the Evidence Counsels in Favor of Detention ....7

        3.  Nature and Seriousness of Danger Posed by YOUNG...............8

    B.  YOUNG is a Flight Risk .........................................................................9

        1.  YOUNG faces 15 years in Mandatory Minimum Sentences .....9

IV. CONCLUSION...............................................................................................11

## TABLE OF AUTHORITIES

Cases                                                                                                   Page(s)

*United States v. Aitken*, 898 F.2d 104 (9th Cir. 1990) .............................................. 4

*United States v. Christie, Crim. No. 10-00384-SOM*, 2010 WL 2900371 (D. Haw. July 20, 2010) ..................................................................................................... 6

*United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986) ...................................... 3

*United States v. Gebro*, 948 F.2d 1118 (1991) ......................................................... 7

*United States v. Hare*, 873 F.2d 796 (5th Cir. 1989) ............................................ 6-7

*United States v. Hir*, 517 F.3d 1081 (9th Cir. 2008) ................................................. 3

*United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985) ..................................... 4

*United States v. Perry*, 788 F.2d 100 (3rd Cir.) ....................................................... 6

Statutes

18 U.S.C. § 924(c) .................................................................................................. 3, 4

18 U.S.C. § 924(c)(1)(A)(i) ........................................................................................ 2

18 U.S.C. § 1962(d) ................................................................................................... 2

18 U.S.C. § 3142(e) ................................................................................................ 3, 7

18 U.S.C. § 3142(e)(3)(A) ...................................................................................... 3, 5

18 U.S.C. § 3142(e)(3)(B) .......................................................................................... 3

18 U.S.C. § 3142(f)(2)(B) .......................................................................................... 3

18 U.S.C. § 3142(g) ................................................................................................... 5

| <u>Statutes</u>-Continued | <u>Page(s)</u> |
|---|---|
| 18 U.S.C. § 3142(g)(1) | 5, 7 |
| 18 U.S.C. §§ 3142(g)(1)-(4) | 4 |
| 21 U.S.C. §§ 841(b)(1)(A),(b)(1)(C), and (b)(1)(D) | 2 |
| 21 U.S.C. § 846 | 2 |

## MEMORANDUM IN SUPPORT OF MOTION
## TO DETAIN DEFENDANT JARRIN K. YOUNG

The United States of America respectfully submits this memorandum in support of its motion to detain Defendant JARRIN K. YOUNG pending trial. As alleged in the Superseding Indictment, and as the government proffers for purposes of a detention hearing, YOUNG was a member of the Miske racketeering enterprise which routinely committed violent crimes and assaults and used threats and intimidation to protect the illegal activities which enriched and furthered the interests of Miske, YOUNG and the enterprise. In furtherance of the enterprise's objectives, YOUNG participated in and facilitated the distribution of controlled substances as charged in Count 16 of the Superseding Indictment. YOUNG is also charged in Count 17 with carrying and using a firearm in relation to a drug trafficking crime. This conduct shows YOUNG is a danger to the community.

YOUNG faces 15 years in mandatory minimum terms of imprisonment if convicted of Counts 16 and 17 of the Superseding Indictment. That alone renders YOUNG a flight risk. Under the Bail Reform Act, that drug charge also invokes a presumption of detention as to both flight risk and danger to the community.

For all these reasons, which are discussed more fully below, the United States respectfully requests this Court to detain Defendant YOUNG without bail pending trial in this matter.

I. **PROCEDURAL AND FACTUAL BACKGROUND**

On June 18, 2020, a grand jury returned a sealed Superseding Indictment in CR. No. 19-00099 DKW charging YOUNG, Miske and nine other defendants with a number of federal offenses including their conspiring to participate in a racketeering organization. In the Superseding Indictment, YOUNG is charged in three separate counts with:

- Participating in a racketeering conspiracy, referred to in the Superseding Indictment as the "Miske Enterprise," in violation of Title 18, United States Code, Section 1962(d) (Count 1);

- Conspiracy to distribute and possess, with intent to distribute: (1) 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; (2) five kilograms or more of cocaine; (3) a quantity of oxycodone; and (4) a quantity of marijuana, in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), 841(b)(1)(C), and 841(b)(1)(D) (Count 16);

- Carrying and using a firearm during and in relation to the drug trafficking crime charged in Count 16, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Count 17).

On July 15, 2020, YOUNG was arrested and the Superseding Indictment was unsealed.

II. **APPLICABLE LAW**

Under the Bail Reform Act, a court must detain a defendant pending trial if "no condition or combination of conditions will reasonably assure the appearance

of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

When a defendant is charged in a drug case in which the maximum sentence is ten years or more, there is a rebuttable presumption that there is no condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). YOUNG is charged as such in Count 16 of the Superseding Indictment. The same presumption applies if a defendant is charged with violating Title 18 U.S.C. § 924(c) as YOUNG is in Count 17 of the Superseding Indictment. *See* 18 U.S.C. § 3142(e)(3)(B).

The defendant bears the burden of producing evidence to rebut that presumption. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Even if the defendant satisfies that burden of production, the presumption does not vanish; instead, it "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.* (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)). The government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community, *see* 18 U.S.C. § 3142(f)(2)(B), and by the lesser standard of a preponderance of the

evidence that the defendant presents a risk of flight. *See United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990) (citing *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985)).

Section 3142(g) lists the following factors that a court must consider in determining whether detention is required:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a controlled substance [or] firearm . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. §§ 3142(g)(1)-(4).

### III. DISCUSSION

YOUNG is charged with violating Title 18 U.S.C. §924(c) and a drug trafficking offense in Counts 16 and17 of the Superseding Indictment. Each of

those counts individually invokes the rebuttable presumption under Section 3142(e)(3)(A) that there is no condition or combination of conditions that will reasonably assure the appearance of YOUNG and the safety of the community.

### A.     **YOUNG is a Danger to the Community**

The factors set forth in Section 3142(g) weigh strongly in favor of YOUNG's pretrial detention on the grounds of dangerousness.

#### 1.     The Nature and Circumstances of YOUNG's Offenses

The charges against YOUNG include the trafficking of controlled substances and the use of a firearm in relation to drug trafficking – offenses specified in Section 3142(g)(1) as indicative of detention.

The use and threat of violence and firearms was a signature of the Miske Enterprise as evidenced in the Superseding Indictment which outlines the campaign of violence waged by the Miske and the Enterprise on his rivals, competitors and innocent members of this community over a period spanning years, if not decades.  YOUNG was a willing participant in this campaign as alleged in Counts 16 and 17 of the Superseding Indictment which show YOUNG's role in the Enterprise's drug trafficking and use of firearms.  As an example, Title III electronic surveillance conducted in May 2018 intercepted YOUNG and other

Enterprise members discussing a plot to commit a robbery of a rapper who was in Honolulu for a concert.

Other Title III interceptions of YOUNG and Enterprise members also in 2018 revealed extensive drug distribution activities including YOUNG receiving pound and ounce quantities of methamphetamine, all of which were intended for further distribution.

In the Bail Reform Act, Congress declared that drug trafficking is a danger to the community. *Sen. Comm. on Judiciary, Comprehensive Crime Control Act of 1983*, S. Rep. No. 98-225, 98th Cong., 1st Sess. 24, 25 (1983)(drug dealers engage in continuing patterns of criminal activity; they pose a "significant" risk of pretrial recidivism.) "Safety" as comprehended by the Bail Reform Act includes a reasonable assurance that drug dealing will not continue. *United States v. Perry*, 788 F.2d 100, 12-13 (3rd Cir.), *cert. denied*, 479 U.S. 864 (1986). "The distribution of drugs is a serious offense," and, indeed, "it is for this reason that the [Bail Reform] Act imposes a rebuttable presumption of danger to the community for certain drug related offenses ... ." *United States v. Christie*, Crim. No. 10-00384-SOM, 2010 WL 2900371, at *4 (D. Haw. July 20, 2010). *See also, United States v. Hare*, 873 F.2d 796 (5th Cir. 1989) (holding that a district court could approve of a detention order based on a risk of dangerousness to the community

6

from the likelihood that the defendant would continue drug dealing if he were released pending trial).

YOUNG's drug activity falls squarely within the concerns contemplated both by the Bail Reform Act and 18 U.S.C. § 3142(e). Coupled with the statutory presumption, the Enterprise's reliance on the cash obtained from drug trafficking and YOUNG's role as a distributor of methamphetamine, there is clear and convincing evidence that YOUNG poses a real and serious threat to this community based on the drug charge alone.

Count 17 of the Superseding Indictment charges YOUNG with the use of a firearm in relation to a drug trafficking crime. This is another circumstance which weighs in favor of detention. *Accord* 18 U.S.C. § 3142(g)(1).

    2. <u>The Weight of the Evidence Counsels in Favor of Detention</u>

Although the Ninth Circuit has described the weight of the evidence as the "least important" factor in considering a motion to detain, *United States v. Gebro*, 948 F.2d 1118, 1121 (1991), the weight of the evidence here further supports detention.

The evidence against YOUNG and the Enterprise is very strong and includes: (i) forensic extractions of multiple cellular telephones used by members of the Enterprise; (ii) the grand jury testimony of dozens of witnesses including

numerous cooperating defendants, several of whom have either already pled guilty or have agreed to do so in the future; (iii) the results of search warrants on email, cloud and social media accounts of Enterprise members; (iv) audio recordings of controlled purchases of drug transactions which transpired at KTPC; (v) court-authorized Title III wiretap interceptions of wire and electronic communications on Enterprise members' cellphones; (vi) the results of search warrants executed at physical locations and on vehicles which resulted in the seizure of drugs, firearms, handcuffs, zip ties, police issued body armor, ski masks, a gun scope, ammunition, duct tape and chloropicrin, the chemical used in the charged nightclub attacks; and (vi) hours of physical and electronic surveillance conducted by law enforcement on Enterprise members.  These items corroborated, in many ways, the grand jury testimony of victims, civilian witnesses and cooperating defendants, many of whom the United States expects will testify at any trial against YOUNG and the Enterprise.

    3. <u>Nature and Seriousness of Danger Posed by YOUNG</u>

  As discussed above, YOUNG has proven himself to be a danger to both specific persons and the community at large by the nature of the offenses he is alleged to have committed.  Like every other factor this Court must consider, the nature and seriousness of the danger posed by YOUNG point to his detention.

### B. <u>YOUNG is a Flight Risk</u>

To start, narcotics trafficking, in general, poses a risk of flight as Congress has explained:

> Flight to avoid prosecution is particularly high among persons charged with major drug offenses . . . these persons have both the resources and foreign contacts to escape to other countries with relative ease . . . even the prospect of forfeiture of a bond in the hundreds of thousands of dollars has proven to be ineffective in assuring the appearance of major drug traffickers.

*S. Rep. No. 225, 98th Cong., 2nd Sess.* 12-12, reprinted in 1984 U.S. Code Cong. & Ad. News 3182, 3195-96, 3203.

As shown by his participation in the Enterprise's drug distribution activity, YOUNG is precisely the type of individual Congress contemplated when enacting this presumption of detention.

#### 1. <u>YOUNG faces 15 years in Mandatory Minimum Sentences</u>

One of the biggest factors in assessing an individual's likelihood to flee is their sentencing exposure. Here, YOUNG faces a 10-year mandatory minimum sentence if convicted of Count 16 along with a consecutive 5-year sentence if convicted of Count 17. That alone renders YOUNG a flight risk when weighed against the low burden of proof applicable here - a preponderance of the evidence.

It is possible that YOUNG's membership in the Miske Enterprise will give him access to Miske's vast financial resources who may consider it money well spent to pay YOUNG to "go away" by fleeing prosecution and, thus, eliminate a

possible witness against him. Access to financial resources is at least as important as sentencing exposure in assessing flight risk

A review of financial transactions conducted by Miske from 2010 through 2017 show Miske spent approximately $15,821,963 on major expenditures with nearly half of the amount unexplained income when compared to his filed tax returns for that same period. In 2010, Miske purchased a 0.87 acre oceanfront property near Spitting Cave in Portlock for $2,235,000 upon which he built a lavish residence resulting in the property now estimated to be worth as much as $7,000,000.

Miske's current and recent financial situation shows more of the same. Miske has liquid assets readily available to assist YOUNG in the form of $392,926.14 in proceeds which are currently held in a local escrow account as the result of a sale of a real property in Kaneohe. Miske can access those funds at any time subject to applicable tax obligations. Miske has additional liquid asset sources as evidenced by his May 30, 2020 purchase of a 2017 Ferrari F12 Berlinetta for $219,000 with $217,000 cash down that was transferred from his KTPC savings account. This access to cash has been further corroborated by a cooperating witness that Miske utilized trusted associates to secretly store large amounts of cash on his behalf.

Thus, Miske clearly possesses and has access to millions of dollars in assets - at least hundreds of thousands of dollars of which appear to be liquid or readily liquid – and which he is likely willing to divert to YOUNG to flee the jurisdiction and avoid prosecution.

## IV.  CONCLUSION

For all the foregoing reasons, the United States of America respectfully requests that this Court grant the motion to detain defendant JARRIN K. YOUNG pending trial as both a flight risk and a danger to the community.

DATED:  July 15, 2020, at Honolulu, Hawaii.

Respectfully Submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii

By  */s/ Mark A. Inciong*
    MICHAEL NAMMAR
    MICAH SMITH
    MARK A. INCIONG
    Assistant U.S. Attorneys

    Attorneys for Plaintiff
    UNITED STATES OF AMERICA