JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

MICHAEL NAMMAR
MICAH SMITH
MARK A. INCIONG   CA BAR #163443
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:   Michael.nammar@usdoj.gov
         Micah.Smith@usdoj.gov
         Mark.Inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 19-00099-11 DKW |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT YOUNG'S MOTION |
| vs. | ) | FOR UNREDACTED DISCOVERY; |
| JARRIN K. YOUNG, (11) | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT YOUNG'S
MOTION FOR UNREDACTED DISCOVERY

COMES NOW, the plaintiff, United States of America, by and through its counsel, Judith A. Philips, Acting United States Attorney, and Michael Nammar, Micah Smith and Mark A. Inciong, Assistant United States Attorneys and hereby requests that this Court deny Defendant's motion for unredacted discovery.  Said request is supported by this memorandum of points and authorities.

## POINTS AND AUTHORITIES

Defendant Young makes a broad and sweeping request that all discovery previously produced to him in this matter now be re-produced to him in un-redacted form.  Defendant cites no specific authority for the request, relying instead only on the general discovery rules of federal criminal procedure.  Nor does Young specify why he requires any of the material to be unredacted or allege that the Government has improperly or erroneously redacted any of the discovery produced thus far.  Similarly, Young has not offered the Court or the Government a single example of redacted discovery which he believes should be unredacted.  Rather, Young simply requests that all discovery be produced again in unredacted form.

As of today's date, the Government has produced approximately 687,588 pages of discovery to Defendant Young.   Personal identifying information such as dates of birth, addresses and phone numbers have certainly been redacted from

the information produced. The identities of confidential informants and cooperating witnesses have also been redacted for the protection of those individuals. Other information not relevant to Young's case, such as information regarding offenses in which he is not charged, may also have been redacted. All of the redactions made have been made in good faith and with a bona fide basis for that information not to be disclosed to the defense at this point in the proceedings, if ever.

Based on the above, and without any stated, specific basis by the defense for even one instance of redacted material to be unredacted, there are no grounds for this Court to grant Defendant's motion. Accordingly, the United States respectfully requests that this Court deny Defendant Young's request that all discovery be re-produced to him without redactions.

It also appears, based on his citation to Title 18 U.S.C. § 3500, that Young is requesting all <u>Jencks</u> material to be produced at this time. Young has provided no legal authority which requires such disclosure at this point in the proceedings and the United States is unaware of any in existence.

In fact, the Federal Rules of Criminal Procedure do not require disclosure of any witness statements until <u>after</u> the witness has testified on direct examination. *Fed. R. Crim. Proc. 26.2*. Title 18 U.S.C. § 3500 is even more specific, stating

3

that such statements shall not be subject to discovery "until said witness has testified on direct examination in the trial of the case."

The District Courts for the District of Hawaii have adopted those same deadlines as part of their Local Rules.  *See CrimLR16(f)*.  The longstanding local "custom" in this District has been for the Government to agree to provide <u>Jencks</u> material the Friday before trial.  The United States will continue to follow that custom in this case and, given its complex nature, will likely agree to provide <u>Jencks</u> material significantly sooner than that.  However, the Government will not agree to provide such material at this point in time.  For all those reasons, Defendant's motion should be denied.

DATED:   October 28, 2021, at Honolulu, Hawaii.

JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

By  */s/ Mark A. Inciong*
MARK A. INCIONG
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

    Dana Ishibashi, Esq.
    Attorney for Defendant
    JARRIN K. YOUNG

    DATED:  October 28, 2021, at Honolulu, Hawaii.

                                                    /s/ Dawn Aihara