IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| UNITED STATES OF AMERICA, | Case No. 19-cr-00099-DKW-11 |
|---|---|
| Plaintiff, | **ORDER (1) DENYING DETENTION APPEAL OF DEFENDANT JARRIN YOUNG, AND (2) AFFIRMING DECISION OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| JARRIN YOUNG, | |
| Defendant. | |

Defendant Jarrin Young appeals the assigned U.S. Magistrate Judge's March 3, 2023 decision to deny his motion for reconsideration of the order detaining him pending trial. Young argues that his continued detention violates his right to due process because he will have been detained for 38 months by the time the September 2023 trial in this case commences, he bears no fault for the delay in bringing this complex, multi-defendant case to trial, and the charges and related evidence against him are insufficient to prolong his detention. The government opposes Young's appeal. It argues that, while the length of Young's detention weighs in favor of recognizing a due process violation, it has, at most, contributed only 13 months to the delay in trial, and evidence will show that Young was involved in drug distribution activities and either planned or committed robberies, rendering the

Magistrate Judge's dangerousness and flight risk determinations as valid today as when Young was first detained.

As the parties agree, the relevant inquiry here requires the Court to consider three factors: (1) the length of Young's detention; (2) the prosecution's contribution to the delay; and (3) the evidence supporting detention under the Bail Reform Act. Having considered the parties' briefing, relevant case law, and the factors set forth above, the Court finds that Young's continued detention does not violate due process. As more fully discussed below, the decision of the Magistrate Judge to deny Young's motion for reconsideration is AFFIRMED.

## RELEVANT PROCEDURAL BACKGROUND

On June 18, 2020, a Superseding Indictment, naming Young, *inter alia*, was entered in this case. Dkt. No. 3. Therein, Young was charged with 3 offenses: in Count 1, with being part of a racketeering conspiracy; in Count 16, with conspiring to distribute and possess with the intent to distribute controlled substances, including methamphetamine and cocaine; and in Count 17, with carrying and using a firearm during and in relation to a drug trafficking crime.[1] Count 16 carries a mandatory minimum term of imprisonment of 120 months, while Count 17 carries a minimum

---

[1] Young is charged with the same offenses in the most recent indictment as well. Dkt. No. 673 (Third Superseding Indictment).

imprisonment term of an additional 60 months.[2]  *See* 18 U.S.C. § 924(c)(1)(A)(i); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).

On July 15, 2020, Young was arrested and began pretrial detention for the above-mentioned charges.  Dkt. Nos. 29-30.  On July 16, 2020, Young pled not guilty to the Superseding Indictment.  Dkt. No. 44.  On July 24, 2020, the assigned Magistrate Judge granted the government's motion to detain Young without bail.  Dkt. No. 103.

On August 10, 2022, Young filed a motion for reconsideration of his detention without bail ("first motion").  Dkt. No. 611.  Following an opposition from the government, Dkt. No. 620, the Magistrate Judge denied the first motion, finding no due process violation related to Young's detention and no conditions that would assure his appearance at trial or mitigate danger to the community, Dkt. Nos. 645, 647.

On February 9, 2023, Young filed another motion for reconsideration of his detention without bail ("second motion").  Dkt. No. 777.  Following an opposition from the government, Dkt. No. 801, on March 3, 2023, the Magistrate Judge denied the second motion, Dkt. No. 809.  The Magistrate Judge found that, although the length of Young's detention weighed in favor of release, the delay in his detention

---

[2]Count 1 carries no minimum term of imprisonment, but exposes defendant to a statutory maximum term of 20 years.

was not imputable to the government, and there were no conditions that would assure Young's appearance at trial or mitigate danger to the community.   Dkt. No. 812.

On March 12, 2023, Young filed the instant appeal of the Magistrate Judge's decision denying the second motion.   Dkt. No. 818.   The government has responded to the appeal, and Young has filed a reply.   Dkt. Nos. 821, 825.   On April 5, 2023, the Court held a hearing on the appeal, then taking the same under advisement.   Dkt. No. 837.   This Order now follows.

## STANDARD OF REVIEW AND LEGAL STANDARD

A district court reviews a Magistrate Judge's order with respect to bail *de novo*.   *United States v. Koenig*, 912 F.2d 1190, 1191-93 (9th Cir. 1990).

Here, Young brings a due process challenge to his continued detention.   In evaluating whether a due process violation has occurred, a court should weigh the following factors: "(1) the length of the defendant's pretrial detention; (2) the prosecution's contribution to the delay; and (3) the evidence supporting detention under the Bail Reform Act."   *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021).   "The point at which detention constitutes a due process violation requires a case-by-case analysis."   *Id*.

## DISCUSSION

Much like the Ninth Circuit in *Torres*, the Court first addresses each of the three factors set forth above, followed by a discussion of the same.

### 1.  Length of Detention

Young's detention began on July 15, 2020 and has continued uninterrupted to this date.  Therefore, as of today, Young has been in pretrial detention for roughly 32.5 months.  Trial is scheduled to begin on September 11, 2023, which means − at that time − Young will have been detained for 38 months.  As of the latest scheduling conference with all parties in this case only a few weeks ago, it was estimated that trial will last a minimum of five months.  If that proves to be accurate, Young will have been detained for approximately 43 months before a verdict is rendered in this case.  In this light, clearly, the length of Young's detention is a factor that weighs in favor of recognizing a due process violation.  *See Torres*, 995 F.3d at 708 (involving a 21-month period of detention that the Ninth Circuit agreed "weigh[ed] in favor of recognizing a due process violation.").

### 2.  The Government's Contribution to Delay

The parties disagree on the government's contribution to the delay in Young's detention.  Largely, the dispute concerns the government's alleged delay in producing discovery in this case and its concomitant effect on continuances to the

trial date. Based upon the current record, it is not evident that the government has contributed meaningfully to the delay in Young's detention. Specifically, there is no evidence currently before the Court that the *manner* of the government's discovery production, rather than the *amount* of discovery itself, has contributed to the delay here. Therefore, the Court does not find that this factor weighs in favor of recognizing a due process violation.

3. **Evidence Supporting Detention Under the Bail Reform Act**

In *Torres*, the Ninth Circuit stated that evidence supporting a defendant's detention under factors set forth in the Bail Reform Act is relevant to the due process analysis. 995 F.3d at 709. Specifically, (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. *Id.*[3]

---

[3] In his reply, Young contends that the third *Torres* factor concerns "the strength of the evidence in the case that points towards the defendant's guilt." Dkt. No. 825 at 9. To the extent Young believes that the strength of the evidence on the offenses charged is the *sole* concern of this factor, the Court disagrees. Otherwise, the Ninth Circuit would not have discussed *all* of the considerations under the Bail Reform Act, including the history and characteristics of the defendant, in finding that this factor did not support a due process violation. *See Torres*, 995 F.3d at 709 ("Here, the district court consistently found that Torres has a documented history of substance abuse, clear access to ammunition, a significant criminal history including violent offenses, and a history of failing to appear. These findings, *coupled* with the strength of the government's case…support the conclusion that the Bail Reform Act factors weigh strongly against a due process violation.") (emphasis added).

Here, the government points to the following "evidence" against Young. First, the government relies upon various reports prepared by Pretrial Services which do not support Young's release. Generally, those reports reflect that Young has: violated probation on multiple occasions, including for leaving outpatient treatment without permission and failing to report for drug testing on multiple occasions; convictions for criminal property damage, robbery, and three counts of terroristic threatening; a history of substance use; and no employment since 2017. Second, the government asserts that it will present evidence in this case of Young's involvement in distributing controlled substances. Specifically, testimony of cooperating defendants that Young was provided with, or sent to pick up, drugs, including methamphetamine, and Young's own statements in Title III intercepts that support the same. The government further states that there is evidence of Young discussing robbing a drug dealer and Young conspiring to commit another robbery that was ultimately "called off."

Although Young maligns the quality of the government's evidence, as primarily based on the testimony of individuals who are themselves felons and selfishly motivated, the Court finds that this evidence, only some of which concerns the crimes charged here, supports the conclusion that the Bail Reform Act factors weigh against a due process violation. Young's history of substance use, lack of

7

employment, probation violations, and at least one conviction for a violent offense, for instance, weigh in favor of his detention under the Bail Reform Act, precisely as Pretrial Services and the assigned Magistrate Judge have concluded on several occasions. *See* 18 U.S.C. § 3142(g)(3), (4). The weight of the evidence of Young's apparent role in the charged drug offense also is significant and more detailed (*see* Dkt. No. 821 at 17-19) than what had been previously revealed, contributing to the Bail Reform Act factors weighing against a due process violation. Among other things, the use of cooperators as witnesses in a drug trial is commonplace, as these witnesses are frequently the ones best placed to offer the testimony sought by the government. The fact that such expected testimony is backed by Title III intercepts of the quality described in the government's offer of proof independently weighs against Young.

4. **Review of the *Torres* Factors**

Having considered all of the above, the Court finds that Young's continued detention does not violate due process. While the Court is certainly concerned, as expressed during oral argument, about the length of Young's pretrial detention to date, with months more expected to come, the Court cannot lay any of that delay solely or even primarily at the feet of the government. All parties agree that this case is complex and then some. All parties also agree that the discovery in this case

is massive and unprecedented, with some reports indicating that it involves more terabytes of data than any case currently pending in the United States Courts. There have been multiple changes of counsel among the seven defendants remaining for trial, including two occurring within the past month. And there are myriad other reasons, neither the fault of the government, nor Young, why the pretrial process in this case has taken as long as it has. The second *Torres* factor, in short, does not weigh in favor of a violation of due process. Nor does the third. Young's poor criminal history, including violence and weapons, probation violations, and the evidence that has been presented to the Court to support the crimes charged weigh against any finding of a due process violation.

## **CONCLUSION**

The decision on the instant appeal is far from an obvious call. Young's lengthy pretrial detention alone dictates that to be true. Nonetheless, the majority of the other *Torres* factors do not weigh in Young's favor. Accordingly, Young is ordered to remain in pretrial detention, pending trial, and his appeal, Dkt. No. 818, is DENIED. The decision of the U.S. Magistrate Judge, Dkt. No. 812, is AFFIRMED.

//

//

IT IS SO ORDERED.

DATED: April 7, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge